UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| THOMAS MARION ZACHARY, and MICHAEL BURRISS, ) ) ) Plaintiffs, ) ) v. ) ) BRIAN KEMP, *et al.*, ) ) Defendants. ) | CV423-253 |

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* prisoners Thomas Marion Zachary and Michael Burriss have jointly brought this action challenging the conditions of their confinement at Chatham County Detention Center. *See generally* doc. 1. As incarcerated prisoners, the plaintiffs must abide by the requirements of the Prison Litigation Reform Act (PLRA). Pub. L. No. 104-134, 110 Stat. 1321 (1996). The Eleventh Circuit has held that the PLRA requirement that "each prisoner pay the full filing fee" precludes permissive joiner of multiple plaintiffs in a single case. *Hubbard v. Haley*, 262 F.3d 1194, 1197-98 (11th Cir. 2001) (citing 28 U.S.C. § 1915(b)) *cert. denied*, 534 U.S. 1136 (2002); *see also Scott v. Strength*, 2006 WL 2327469, at *3 (S.D. Ga. Aug. 8, 2006). Zachary and Burriss

1

cannot, therefore, prosecute their claims in the same case. Only Zachary moved to proceed *in forma pauperis. See* doc. 2. Since he appears to lack the funds to pay the Court's filing fee, that Motion is **GRANTED**. Doc. 2. The Court, therefore, enters this Order to clarify the next steps each must take to pursue their respective claims.

First, the Clerk of Court is **DIRECTED** to sever plaintiff Michael Burriss from this case and to open a new civil case, identifying Burriss as the plaintiff and naming the same defendants as the instant action. *See, e.g.,* Fed. R. Civ. P. 21. The Clerk is **DIRECTED** to docket a copy of the joint Complaint into that new case. Doc. 1. The Clerk is also **DIRECTED** to docket this Order and Report and Recommendation into that case. Any further submissions from Burriss captioned for this case should be filed into the new case. Burriss is **DIRECTED** to file a request to proceed *in forma pauperis* or pay the Court's filing fee no later than October 13, 2023. Upon creation of the separate case, Burriss should be **DISMISSED** from this case.

Since, as stated above, Zachary appears to lack the funds to pay the Court's filing fee, his Motion to proceed *in forma pauperis* is **GRANTED**. Doc. 2. Since it appears that he lacks sufficient resources to prepay the

filing fee, the Court **GRANTS** plaintiff leave to proceed *in forma pauperis*. Doc. 4. The Court's granting leave to permit Zachary to pursue this case *in forma pauperis* does not, in any way, indicate the Court's assessment of the merits or procedural propriety of his pleading. Subject to his compliance with this Order, the Court will screen his pleading pursuant to 28 U.S.C. § 1915A.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (PLRA), *all* prisoners, even those who are allowed to proceed IFP, must pay the full filing fee of $350.00. 28 U.S.C. § 1915(b)(1). Prisoner IFP litigants must pay an initial partial filing fee of 20 percent of the greater of the average monthly deposits to, or average monthly balance in, the prisoner's account for the 6-month period immediately preceding the filing of the Complaint. Prison officials are then required to collect the balance of the filing fee by deducting 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). This payment shall be forwarded to the Clerk of Court "each time the amount in plaintiff's account exceeds $10 until the full filing fees are paid." *Id*. The entire filing fee must be paid even if the suit is dismissed at the outset because it is frivolous, malicious, fails to state a

claim, or seeks monetary damages against a defendant who is immune from such relief.

In addition to requiring payment of the full filing fee, the PLRA now requires prisoners to exhaust all administrative remedies before challenging "prison conditions" in a civil action. 42 U.S.C. § 1997e; *see* 18 U.S.C. § 3626(g)(2). All prisoner civil rights actions filed after April 26, 1996, are subject to dismissal if the prisoner has not exhausted the available administrative remedies with respect to each claim asserted. Moreover, even if the Complaint is dismissed for failure to exhaust, the prisoner will still be responsible for payment of the full filing fee.

The PLRA also provides that a prisoner cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if the prisoner has on three or more prior occasions, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. The only exception to this "three strikes" rule is if

the prisoner is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[1]

Because of these legal parameters, the Court will give plaintiff an opportunity, at this time, to voluntarily dismiss the Complaint pursuant to Fed. R. Civ. P. 41(a)(1). Such a voluntary dismissal will not require plaintiff to pay the filing fee or count as a dismissal which may later subject plaintiff to the three-dismissal rule under section 1915(g).

**IT IS HEREBY ORDERED** that:

(1)   Plaintiff must furnish the enclosed **Prisoner Trust Fund Account Statement** to the trust (financial) officer of each prison where he has been confined for the past six months. The trust officer will

---

[1] Plaintiffs are generally required to pay a filing fee in order to institute a civil action in a federal district court. 28 U.S.C. § 1914. Indigent prisoners may avoid *prepayment* of the filing fee under 28 U.S.C. § 1915, but must surmount § 1915(g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). A three-striker who fails to show "imminent danger" must pay the complete $350 filing fee when he initiates suit. *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). Short of that, the court dismisses the Complaint without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

complete and sign the form and return the form and supporting documents to plaintiff for submission to the Court. Two copies of the form are enclosed for this purpose.

(2)   Plaintiff must sign and date the enclosed **Consent to Collection of Fees from Trust Account**. By signing this form, plaintiff gives his consent to the collection of the entire filing fee from his prison account in installments, in accordance with the provisions of the Prison Litigation Reform Act.

(3)   Plaintiff must return both the **Prisoner Trust Account Statement** and the **Consent to Collection of Fees from Trust Account** to the Clerk within fourteen days of the date this Order is served.

The Clerk of Court is **DIRECTED** to serve along with a copy of this Order (1) a Prisoner Trust Account Statement form, and (2) the Consent to Collection of Fees from Trust Account form.

Plaintiff shall have fourteen days from the service of this Order to fill out and return **both forms**. Once plaintiff has complied with the conditions of this Order, the Court will review plaintiff's Complaint to determine which, if any, claims are viable and which, if any, defendants

should be served with a copy of the Complaint.  If no response is timely received from plaintiff, the Court will presume that plaintiff desires to have this case voluntarily dismissed.

**<u>Failure to comply with this Order within fourteen (14) days of the date this Order is served shall result in the recommendation of dismissal of plaintiff's case, without prejudice</u>**.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are

advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 12th day of September, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA