# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| THOMAS MARION ZACHARY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV423-253 |
| | ) | |
| BRIAN KEMP, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **REPORT AND RECOMMENDATION**

The Court previously screened *pro se* plaintiff Thomas Marion Zachary's Complaint and directed him to submit an amendment. *See* doc. 7. He complied. Doc. 8. The Court must, therefore, screen the Amended Complaint pursuant to 28 U.S.C. § 1915A.

Because the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal). Because Plaintiff is

proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

The Court previously noted that Zachary's allegations were too vague to state a claim upon which relief can be granted. *See* doc. 7 at 2. His Amended Complaint provides some additional details, but not enough. Zachary's factual allegations are terse: "At Chatham County Detention anytime you receive legal or personal mail, Chatham County opens your mail (Legal) makes copies, contractor opens your personal and scans it on to a kosik [sic]." Doc. 8 at 4. He includes several dates on which his mail was allegedly improperly handled, *id.* at 5, but never explains the nature of the mail at issue, *see generally id.* The only other allegation, in response to the form's prompt concerning the rights allegedly violated, states, in unedited form: "U.S. mail, reciving only copies, reciving only mail on the Koisk, Not knowing who or where original is at." *Id.* at 3. He seeks $3 million in damages. *Id.* at 5

I. **Improper Defendant**

Zachary names Chatham County Detention Center as a defendant in this case. *See, e.g.,* doc. 1 at 1, 3. However, as this Court has explained,

2

"the Chatham County Detention Center is not an entity subject to suit." *Meyers v. Chatham Cnty. Det. Ctr.*, 2022 WL 1215640, at *1 (S.D. Ga. Apr. 25, 2022). Chatham County Detention Center should, therefore, be **DISMISSED** from this case. He also names Brian Kemp, Governor of the State of Georgia. *See* doc. 1 at 2. He subsequently alleges that Kemp is liable for the mishandling of his mail because he "allowed Sheriff John T. Wilcher who allowed Chatham County Detention Center to open and copy our legal mail and us not rec[e]ive our original mail, also allowed a contractor to open and scan our mail onto a koisk [sic]." Doc. 8 at 4. Whether or not Governor Kemp actually has any supervisory authority over the mail policies at Chatham County Detention Center, such authority would not be sufficient to support a § 1983 claim. *See Averhart v. Warden*, 590 F. App'x 873, 874 (11th Cir. 2014) (citing *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010)) ("Section 1983 claims may not be brought against supervisory officials solely on the basis of vicarious liability of *respondeat superior*."). Defendant Brian Kemp should, therefore, be **DISMISED** from this case.

## II. Legal Mail

Zachary's allegations concerning the treatment of his "legal mail" implicate two potential constitutional issues, his right of access to the courts, and his right to free speech under the First Amendment. The Eleventh Circuit has held that "the right to send and receive mail exists under the First Amendment," and violations of that right may be vindicated by nominal damages, even "absent any actual injury." *Al-Amin v. Smith*, 511 F.3d 1317, 1333, 1335 (11th Cir. 2008); *see also Christmas v. Nabors*, 76 F.4th 1320, 1328 (11th Cir. 2023). A viable access-to-courts claim requires an "actual injury," in the form of evidence that "a nonfrivolous[ ] post-conviction claim or civil rights action," was "impeded." *Al-Amin*, 511 F.3d at 1332-33. "[I]n other words, the plaintiff[ ] must demonstrate that [he] had a legitimate claim that [he was] unable to pursue due to the prison's restrictions." *Bass v. Perrin*, 170 F.3d 1312, 1320 n. 13 (11th Cir. 1999). Since Zachary does not allege his pursuit of any nonfrivolous case was impeded by the challenged policy, *see* doc. 1 at 5, he does not allege an access-to-courts claim. The Court, therefore, considers whether his general right to send and receive mail has been violated.

The Eleventh Circuit has recently emphasized that "[a] simple rule has governed prison mail procedures in our Circuit for nearly 50 years: a prison official may not open an inmate's properly marked legal mail outside of his presence." *Christmas*, 76 F.4th at 1328 (citation omitted). The principle is widely accepted among the Courts of Appeals. *See, e.g., Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1210 (9th Cir. 2017) ("In addition to the Third and Eleventh Circuits, the Second, Sixth, and Tenth Circuits have recognized that the opening of legal mail outside of a prisoner's presence implicates First Amendment rights." (citations omitted)). *Christmas* also explicitly found that the district court erred in dismissing a claim which, although it "did not allege that [jail staff] opened his mail outside of his presence, [it] did allege that they *could* access his legal mail outside of his presence in the future." *Id.* at 1329.

The First Amendment right recognized in *Al-Amin* and *Christmas* is not as expansive as it might first appear. "Legal mail," as used by the Eleventh Circuit, clearly refers to "attorney mail." *See Al-Amin,* 511 F.3d at 1334 ("Thus, we conclude that Al-Amin has a First Amendment free speech right *to communicate with his attorneys* by mail . . . ." (emphasis added)). The protections afforded to attorney communications do not

5

extend to all "legal" documents generally. "[U]nder federal law, filings in [an] action, be they court orders or documents filed by [parties], are a matter of public record and are not confidential legal mail."[1] *Zamaro v. Moonga*, 2009 WL 5197851, at *2 (E.D. Cal. Dec. 22, 2009) (citing *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996)); *see also Vaughn v. Schoapt*, 2007 WL 3274189, at *1 (W.D. Pa. Nov. 5, 2007) ("Public Records such as Court Orders and Report and Recommendations are not special or legal mail."). The opening, and even inspection, of non-legal mail does not violate the Constitution. *Cf. Wolff v. McDonnell*, 418 U.S. 539, 575-76 (1974) ("[F]reedom from censorship [of mail] is not equivalent to freedom from inspection or perusal."); *see also, e.g., Dickerson v. Chatman*, 2008 WL 4155624, at *3 (M.D. Ga. Sept. 5, 2008) ("In light of the fact that a prison has a legitimate security interest in opening and inspecting incoming mail for contraband, plaintiff's allegation that his *incoming*

---

[1] Courts have recognized that, for purposes of an access-to-courts claim, court mail is "legal mail." *See, e.g., Ford v. Coleman*, 2015 WL 3404191, at *6 (M.D. Fla. May 26, 2015) (citing *Taylor v. Sterrett*, 532 F.2d 462, 475-76 (5th Cir. 1976) ("In this perspective, we hold that an inmate's right of access to the courts supports the portion of the district court's order requiring that incoming prisoner mail from courts, attorneys, prosecuting attorneys, and probation or parole officers be opened only in the presence of the inmate.")). As discussed above, however, access-to-courts claims require allegation of an "actual injury," and, in the absence of any such injury here, whether correspondence from the Court might constitute "legal mail" in that context is irrelevant.

6

mail was opened and read but not censored does not rise to the level of a constitutional violation." (citing *Thornburgh v. Abbott,* 490 U.S. 410, 413-14 (1989); *Turner v. Safley*, 482 U.S. 78, 91-92 (1987)). Thus, to state a viable First Amendment claim, a prisoner must allege that the correspondence at issue was properly "legal mail," *i.e.*, correspondence with his or her attorney.

Zachary's allegations concerning the treatment of "personal mail," face even greater obstacles. As noted above, the inspection of non-legal mail, in the absence of allegations that it is censored based upon its subject matter, does not allege a constitutional violation. *See, e.g., Dickerson*, 2008 WL 4155624, at *3. The United States Court of Appeals for the Third Circuit has recently noted that it was unable to identify "any precedent that . . . it violates the First Amendment for [a prison] to use vendors . . . to scan non-privileged mail, send the digital files to the prisons, and destroy they originals." *Rancourt Little Mountain Woodell v. Wetzel*, 2022 WL 17424287, at *2 (3d Cir. Dec. 6, 2022). The Third Circuit has similarly held that such a policy did not violate the Fourth Amendment. *See Robinson v. Pennsylvania Dept. of Corrs.*, 851 F. App'x 289, 293 (3d Cir. 2021). Some courts have, however, recognized the

*possibility* that interference with non-legal mail might violate the Constitution. *See, e.g., Thompson v. Ferguson*, 2020 WL 7872629, at *10 (E.D. Pa. Dec. 31, 2020) (citing *Thornburgh*, 490 U.S. at 407-08; *Turner*, 482 U.S. at 91-93). Zachary's allegations are simply too vague to determine whether he even alleges that the third-party scanning policy interferes with his ability to receive mail. *See* doc. 1 at 5. Those allegations, therefore, are insufficient to state a claim upon which relief can be granted.

Zachary's allegation concerning the treatment of his legal mail might state a claim, as discussed above, but his conclusory description of the mail at issue as "legal mail" is insufficient. His allegations concerning the third-party scanning policy applicable to "personal mail" are not sufficient to establish that that policy interferes with his ability to receive mail. Accordingly, neither discernable substantive claim is sufficient. Although the Complaint fails to state any claim, Zachary is entitled to **one, final** opportunity to amend before the Court recommends dismissal. *See, e.g., Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) ("Generally, when a more carefully drafted complaint might state

a claim, a district court should give a *pro se* plaintiff at least one chance to amend the complaint before the court dismisses the action.").

Accordingly, Zachary is **DIRECTED** to submit a Second Amended Complaint clarifying his allegations of interference with his mail by no later than November 9, 2023. To facilitate his preparation of the Amended Complaint, the Clerk is **DIRECTED** to send him a blank Form Pro Se 14 (Complaint for Violation of Civil Rights (Prisoner)). Zachary is advised that his amended complaint will supersede the current operative complaint and therefore must be complete in itself. *See Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982). Zachary is further advised that failure to timely submit his amended complaint may result in a recommendation that this case be dismissed for failure to obey a court order or failure to prosecute. *See* Fed. R. Civ. P. 41(b).

### III. Conclusion

In summary, Zachary's Amended Complaint fails to state a claim upon which relief may be granted. He must submit a Second Amended Complaint no later than November 3, 2023. Since Defendants Chatham County Detention Center is not an entity subject to suit and Brian Kemp

cannot be held liable in his supervisory capacity, if any, they should be **DISMISSED**. This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 18th day of October, 2023.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA