# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| THOMAS ZACHARY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV423-253 |
| | ) |
| SHERIFF JOHN T. WILCHER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

The Court previously screened *pro se* plaintiff Thomas Zachary's amended 42 U.S.C. § 1983 complaint. *See generally* doc. 9. The Court recommended that Chatham County Detention Center be dismissed, as it is not an entity subject to suit. *Id.* at 2-3. It also recommended that Georgia Governor Brian Kemp be dismissed as his liability could not be predicated on his alleged supervisory authority. *Id.* at 3. Those recommendations remain pending with the District Judge. *See generally* docket. The Court explained that Zachary's vague allegations concerning the treatment of his mail implicated a First Amendment claim, but failed to state any claim upon which relief could be granted. *Id.* at 4-9. It afforded him an opportunity to further amend those claims. *Id.* at 9. He

has submitted an Amended Complaint. *See* doc. 11. The Court, therefore, proceeds to screen it. *See* 28 U.S.C. § 1915A.

Because the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal). Because Zachary is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

Zachary's allegations remain vague. In addition to Sheriff Wilcher, he names two defendants identified as Gary Taylor, a "Chief Deputy," and "Captain Black." Doc. 11 at 2-3. His factual allegations, unedited and in full, state: "The deputies on duty during mail call would open our legal mail to include mail from Atty, make copies gives us copies we do not see the mail resealed or who's sees it or possibly reads it." *Id.* at 5. Although he restates that allegation that "legal mail to include from Atty"

is retained, unsealed, by unidentified Chatham County Detention Center personnel, he never provides any additional detail. *See, e.g., id.* at 5. Despite being vague, the Court can discern Zachary's allegation that mail from his attorney is opened by Chatham County Detention Center staff and retained, unsealed, outside his presence. That is sufficient, if only just, to serve upon defendants.

As the Court previously explained, considering the lack of any allegation that any other court proceeding has been "impeded," the Court does not construe Zachary's pleading as asserting an access-to-courts claim. *See* doc. 9 at 4. However, the Eleventh Circuit has found that a district court erred in dismissing a claim which, although it "did not allege that [jail staff] opened his mail outside of his presence, [it] did allege that they *could* access his legal mail outside of his presence in the future." *Christmas v. Nabors*, 76 F.4th 1320, 1329 (11th Cir. 2023); *see also Al-Amin v. Smith*, 511 F.3d 1317, 1333-35 (11th Cir. 2008). Charitably construed, that is precisely what Zachary alleges. Zachary has also, for screening purposes at least, alleged that the mail in question was "legal mail," as understood by the Eleventh Circuit. *See Al-Amin,* 511 F.3d at 1334 ("Thus, we conclude that Al-Amin has a First

3

Amendment free speech right *to communicate with his attorneys* by mail . . . ." (emphasis added)). Accordingly, as discussed below, Zachary's Complaint may be served upon defendants.

Although Zachary has pleaded a claim sufficient for service, the Court must also address the appearance that he has received some assistance in preparing his pleading. The Court has previously warned Zachary about the risks inherent in informal legal advice among prisoners. *See Zachary v. Wilcher*, CV423-246, doc. 9 at 2-5 (S.D. Ga. Oct. 6, 2023). In this case, the Court's concern about the exchange of legal advice among prisoners is based on an odd turn of phrase in Zachary's pleading. As discussed above, he alleges that Detention Center staff "open . . . legal mail *to include mail from atty . . . .*" Doc. 11 at 5. The qualification "to include" is, to say the least, obscure. If Zachary alleges that correspondence from his attorney was *actually opened*, why does he qualify? For purposes of screening, and given the liberal construction afforded to *pro se* pleadings, the question is irrelevant. However, the "to include" qualification appears in other Chatham County Detention Center inmates' pleadings. *See Prescott v. Chatham Cnty. Det. Ctr.*, CV423-277, doc. 7 at 5 (S.D. Ga. Oct. 27, 2023) ("Recived [sic] legal mail

4

*to include* from my atty. they opened and made copies, not the original, unsure where and who sees it."). The repeated use of such an odd turn of phrase, again, rouses the Court's suspicion concerning coordinated authorship.

The Supreme Court has expressed concern that prisoners who provide informal legal services "are sometimes a menace to prison discipline and . . . their [products] are often so unskillful as to be a burden on the courts which receive them." *Johnson v. Avery*, 393 U.S. 483, 488 (1969). Several justices noted, additionally, that "the disadvantages to prisoner clients of the jailhouse lawyer are unacceptable." *Id.* at 499 (White, J. dissenting). Nevertheless, resort to "jailhouse lawyers" is not grounds for dismissal for abuse of judicial process. *See, e.g., Garcia v. Obasi*, 2021 WL 1877140, at *2 (M.D. Ga. Apr. 28, 2021).

The right to access to the courts "entitles inmates to receive legal assistance from fellow inmates unless prison officials provide reasonable alternative assistance[,]" but "[t]here is . . . no right to be or to receive legal assistance from a jailhouse lawyer independent of the right of access to the court." *Gassler v. Rayl*, 862 F.2d 706, 707-08 (8th Cir. 1988). Some courts have also required prisoners seeking to rely on such informal

assistance to move for leave and show that alternative assistance is not available. *See Ochoa v. Donald*, 2008 WL 4816726, at *2 (M.D. Ga. Oct. 30, 2008) (denying motion for permission to receive assistance from a "jailhouse lawyer" because "Plaintiff has not alleged that the defendant failed to provide him with reasonable alternative assistance or otherwise restricted his access to courts."). This Court has also imposed limits on inmates providing other inmates with legal services. *See Howard v. Kemp*, 2009 WL 1227828, at *6 (S.D. Ga. May 5, 2009) (citing, *inter alia.*, S.D. Ga. L. Civ. R. 83.5(c) ("Any person who is not admitted to the bar of this Court . . ., and who exercises in this Court any of the privileges as a member of its bar, or pretends to be entitled to do so, shall be in contempt of this Court and subjected to appropriate punishment.")).

Accordingly, Plaintiff is advised that any assistance provided by other inmates must remain informal. He remains responsible for ensuring that any pleading he submits to this Court is appropriate in both form and content. *Cf.* Fed. R. Civ. P. 11. Finally, Plaintiff is **DIRECTED** that he must include the following language in any future filing:

> I [Plaintiff's Name] declare under penalty of perjury that [name of person who assisted in preparing the document]

6

> assisted me in preparing this pleading, written motion, or other paper. I understand that the person identified above is not a lawyer and that, by signing it, I certify to the best of my knowledge, information, or belief, formed after an inquiry reasonable under the circumstances that (1) it is not being presented for any improper purpose; (2) the legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or establishing new law; (3) the factual contentions have evidentiary support, or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Alternatively, if Plaintiff prepares the filing himself:

> I [Plaintiff's Name] declare under penalty of perjury that I prepared this pleading, written motion, or other paper myself and no other individual assisted me.

Plaintiff is advised that failure to include the language provided above will be construed as failure to comply with a court order and his case may be dismissed. *See* Fed. R. Civ. P. 41(b).

In summary, Zachary's claim that his First Amendment rights were violated when Chatham County Detention Center staff stored correspondence from his attorney, unsealed, outside of his presence is approved for service upon Defendants Wilcher, Taylor, and Black. His further litigation of this case is subject to the instructions above.

7

Accordingly, a copy of Plaintiff's amended Complaint, doc. 11, and a copy of this Order shall be served upon Wilcher, Taylor, and Black by the United States Marshal without prepayment of cost. The Court **DIRECTS** the Clerk of Court to serve a copy of this Order upon Plaintiff. The Court also provides the following instructions to the parties that will apply to the remainder of this action.

### **INSTRUCTIONS TO ALL DEFENDANTS IN THIS ACTION**

Because Plaintiff is proceeding *in forma pauperis*, the undersigned directs service be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to a defendant by first-class mail and request the defendant waive formal service of summons. Fed. R. Civ. P. 4(d); Local R. 4.5. A defendant has a duty to avoid unnecessary costs of serving the summons, and any defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d). Generally, a defendant who timely returns the waiver is not required to answer the complaint until 60 days after the date the marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that any Defendant in this action is granted leave of court to take the deposition of Plaintiff upon oral examination. Fed. R. Civ. P. 30(a)(2). Defendants are further advised the Court's standard 140-day discovery period will commence upon the filing of the last answer. Local R. 26.1. Defendants shall ensure all discovery, including Plaintiff's deposition and any other depositions in the case, is completed <u>within that discovery period</u>.

If a Defendant takes the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30. As Plaintiff will not likely attend such a deposition, the Defendant taking the deposition must notify Plaintiff of the deposition and advise him that he may serve on that Defendant written questions Plaintiff wishes to propound to the witness, if any. Defendants shall present such questions to the witness in order and word-for-word during the deposition. Fed. R. Civ. P. 30(c). Plaintiff must submit the questions in a sealed envelope within 10 days of the notice of deposition.

### INSTRUCTIONS TO PLAINTIFF

Plaintiff is charged with the responsibility of **immediately** informing this Court and defense counsel of any change of address during

the pendency of this action. Local R. 11.1. Plaintiff's failure to notify the Court of a change in his address **may result in dismissal of this case**.

**IT IS FURTHER ORDERED** that Plaintiff shall serve a copy of every pleading or other document submitted for consideration by the Court on each Defendant (or, if appearance has been entered by counsel, the Defendant's attorney). Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to each Defendant or the Defendant's counsel. Fed. R. Civ. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from a Defendant, Plaintiff must initiate discovery. See generally Fed. R. Civ. P. 26 to Fed. R. Civ. P. 37. The discovery period in this case will expire 140 days after the filing of the last answer. Local R. 26.1. Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period. Id. Discovery materials should **not** be filed routinely with the Clerk of

Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial.  Local R. 26.4.

Interrogatories are a practical method of discovery for incarcerated persons.  See Fed. R. Civ. P. 33.  Interrogatories may be served only on a **party** to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are **not named** as a defendant.  Interrogatories are not to contain more than 25 questions.  Fed. R. Civ. P. 33(a).  If Plaintiff wishes to propound more than 25 interrogatories to a party, Plaintiff must have permission of the Court.  If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorney for Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery.  Fed. R. Civ. P. 26(c), 37(a)(2)(A); Local R. 26.5.

Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page. **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press his case forward, the court may dismiss it for failure to prosecute. Fed. R. Civ. P. 41; Local R. 41.1.

It is Plaintiff's duty to cooperate in any discovery initiated by a Defendant. Upon no less than five days' notice of the scheduled deposition date, Plaintiff must appear and permit his deposition to be taken and must answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding

without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order.  A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

## ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

A Defendant may choose to ask the Court to dismiss this action by filing a motion to dismiss, a motion for summary judgment, or both. Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within 14 days of its service.  Failure to respond shall indicate that there is no opposition to a motion.  Local R. 7.5.  Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose the Defendant's motion.  Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within 21 days after service of the motion.  Local R. 7.5, 56.1.  The failure to respond to such a motion shall indicate that there is no opposition to

the motion. Furthermore, each material fact set forth in a Defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. If a Defendant files a motion for summary judgment, Plaintiff will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be met by reliance on the conclusory allegations contained within the complaint. If a Defendant's motion for summary judgment is supported by affidavit, Plaintiff must file counter-affidavits if he wants to contest Defendant's statement of the facts. If Plaintiff fails to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in the Defendant's affidavits will be accepted as true and summary judgment may be entered against Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED,** this <u>16th</u> day of November, 2023.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA